UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KEANDRE ARNOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00269-JRS-MG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Mr. Arnold filed a petition for a writ of habeas corpus challenging his conviction in a prison disciplinary proceeding identified as WVD 21-04-0141. Respondent has moved to dismiss the action on grounds that Mr. Arnold failed to exhaust available administrative remedies and that his claims for habeas relief are therefore procedurally defaulted. Dkt.9. In an unverified reply, Mr. Arnold, without providing support, indicated he submitted all the necessary appeals. Dkt. 11.

**I.    Overview**

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The Indiana Department of Correction's Disciplinary Code for Adult Offenders 02-04-101 outlines the process for an inmate to appeal a disciplinary disposition. Dkt. 9-9.

There are two levels to this appeal process. *Id*. At the first level, "an offender who desires to appeal a disciplinary disposition shall complete State Form 39587, 'disciplinary hearing appeal,' within fifteen (15) calendar days from the date of the disciplinary hearing or receipt of the report

of disciplinary hearing." *Id*. at 53. This first-level appeal must state the "specific reasons such a review is requested" and shall be made to the Warden or designee of the facility (sometimes called the "Facility Head"), where the hearing was held. *Id*. If an offender's sanctions involved a grievous loss and the offender is dissatisfied with the response to his first-level appeal, he may file a second-level appeal to the Appeal Review Officer (sometimes called the "Final Reviewing Authority") "within fifteen (15) days from the date of receipt of the Warden or designee's appeal response." *Id*. at 54. The second-level appeal shall be completed on State Form 39587 and "may be based only upon the same concerns in the first level appeal," as "[c]oncerns that deviate from the first level appeal may not be considered." *Id*.

## II.     Analysis

Mr. Arnold's disciplinary hearing occurred on June 2, 2021. Dkt. 9-5. He drafted an appeal to the Facility Head on June 15, 2021, it was received on June 17, 2021, and denied on July 2, 2021. Dkt. 9-8. Between June 2, 2021, and June 22, 2021, he also filed an appeal with the Final Reviewing Authority. On June 22, 2021, the Final Reviewing Authority rejected Mr. Arnold's appeal as premature since the record did not include a decision from the Facility Head. Dkt. 9-11. Mr. Arnold argues he appealed to the Facility Head several times but that they refused to process his appeal. Dkt. 1. Mr. Arnold filed a petition for writ of habeas corpus on July 2, 2021.*Id.*

The record reveals the Facility Head responded to Mr. Arnold's appeal within the 30-day deadline outlined in the IDOC policy. Dkts. 9-8 and 9-9 at p. 54. Mr. Arnold (1) failed to abide by the June 22, 2021, notice to resubmit his case to the Final Reviewing Authority once he received the Facility Head's appellate decision, dkt. 9-11, and (2) disregarded the July 2, 2021, Facility Head denial notice which contained a similar instruction on how to continue to the final step in the appeal process, dkt. 9-8. "To avoid procedural default, an Indiana prisoner challenging a

disciplinary proceeding must fully and fairly present his federal claims to the Facility Head and to the Final Reviewing Authority." *Jackson v. Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) (citing *Moffat v. Broyles*, 288 F.3d 978, 981–982 (7th Cir. 2002) (holding that, because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner present his claims at both levels of the administrative appeals process)). Mr. Arnold has not fully presented his claims to the Final Reviewing Authority.

Moreover, Respondent presented a signed affidavit detailing how second-level appeals from the Final Reviewing Authority are routinely stored in their records systems and articulated the manner they are catalogued. Dkt. 9-11. In his reply to the motion to dismiss, Mr. Arnold offered an unverified assertion that he submitted the necessary appeal. Dkt. 11. While it is not in dispute that Mr. Arnold submitted an appeal to the Final Reviewing Authority, the record makes clear that the Final Reviewing Authority did not have a meaningful review of the substantive issues nor were they able to review the appellate decision from the Facility Head. *Jackson*, 256 F. App'x at, 814. Mr. Arnold's failure to follow IDOC policy bars him from seeking habeas relief.

## I.    Conclusion

Accordingly, Respondent's motion to dismiss, dkt [9], is **granted**. This action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 4/13/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEANDRE ARNOLD
 Psychiatric Unit
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362


David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov